Christian and Burks, J’s,
concurred in the opinion of Staples, J.
*39 The judgment was as follows :
This day came again the parties by their counsel, and the court having maturely considered the transcript of the record of the several judgments in the causes aforesaid, and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the judgment aforesaid of the said circuit court, entered in the first of the causes above named, is erroneous. Therefore it is considered that the said judgment, and also, by force of said agreement of parties, the judgment in each one of these causes, be reversed and annulled, and that the several plaintiffs in error recover together, of the defendant in error, their costs expended in the prosecution of the said writ of error here. And the court, proceeding now to render such judgment as said circuit court ought to have rendered in the cause first named, and consequently (in pursuance of said agreement of parties in the record appearing), ought also to have rendered in each of said causes, it is further considered in each of the above named causes that the defendants therein go thereof without day, and recover against the plaintiff the said defendant’s costs by him, or her, expended in defence of such cause in said circuit court. Which is ordered to be certified, &c.
Judgment reversed.
Note.—Although Judge Anderson did not sit in this case, he was on the bench, and after the delivery of the opinion of the court, he remarked that in Cline’s heirs v. Catron, referred to by Judge Staples in the opinion just delivered, he thought there was a verbal error in the opinion reported in 22 Gratt. in the last sentence on page 392. The sentence is, “But if he (the junior patentee) has an actual occupation and improvement of a part of the interlock, and the elder patentee has actual possession *40 n0 harf: ought to read, of his trad) He did not think it was the intention of the court to go and certainly the court did not intend to decide that when the elder patentee had actual possession of his tract outside of the interlock, the possession of the junior patentee of a part of the interlock would be the possession of the whole. It was not intended to indicate any opinion on that question. It did not arise upon the record, and an opinion expressed upon it would have been an obiter dictum, and decisive of nothing.
His Honor remarked that he deemed it proper to make this explanation, that the profession might not be misled by a verbal inaccuracy in the opinion which he had prepared.
Judge Christian, the only other surviving judge who sat in the case, remarked that he concurred in the foregoing explanation.